IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 07 CR 843 |
| | ) | Judge Joan H. Lefkow |
| | ) | |
| | ) | |
| | ) | |
| DARNELL WILLIAMS, | ) | |
| | ) | |

**MOTION TO PRODUCE CONFIDENTIAL INFORMANT**

NOW COMES the Defendant, DARNELL WILLIAMS, by his attorney, JERRY BISCHOFF, and submits the following Motion to Produce Confidential Informant. In support thereof, defendant states as follows:

1.  Fundamental fairness and the defendant's Sixth Amendment right to confront witnesses requires disclosure of both the identity and benefits accorded the confidential informant in this case;

2.  In Roviario v. United States, 77 S. Ct. 623 (1957), the Supreme Court acknowledged the public interest in protecting the identity of confidential informants in order to encourage the free flow of information apparently necessary in criminal prosecutions. See U.S. v. Jefferson, 252 F. 3d 937 (7th Cir. 2001); U.S. v. Bender, 5 F.#d 267 (7th Cir. 1993). However, the Court in Rovario expressly limited the scope of this privilege, and reasoned that the interest in the anonymity of informants must yield when disclosure "is essential to the fair determination of a cause." Id. At 61.

3.  The Roviaro court stated that while there was no fixed rule with respect to disclosure of a confidential informant, four considerations were relevant:
    a.  the crime charged;
    b.  the possible defenses;
    c.  the possible significance of the informant's testimony; and
    d.  other relevant factors.

4. The relevant and helpful language of <u>Rovario</u> requires disclosure of the identity of the informant when he was a percipient witness or has background knowledge of the actors in the alleged offense;

5. Further, when an informant's testimony is essential to a fair determination, the government may be required to disclose his identity and address. <u>United States v. Anderson</u>, 509 F. 2d 724 (9th Cir. 1974) (within court's discretion to compel disclosure of confidential informant even when use of the informant goes only to probable cause). The need for disclosure of a confidential informant is <u>mandated</u> when the indictment contains a conspiracy charge and the informant could have information regarding either knowing membership in the conspiracy or possible entrapment. <u>United States v. Miramon</u>, 443 F.2d 361, 363 (9th Cir. 1971; <u>Lopez-Hernandez v. United States</u>, 394 F.2d 820 (9th Cir. 1968).

6. Any government assertion that there is some unspecified danger to the informant is insufficient to justify withholding the information concerning his/her whereabouts. As the courts have made clear, the decision concerning potential danger must be made only after an evidentiary hearing. The identity and whereabouts of the informant is essential to the preparation of defendant's defense. Defendant requires the opportunity to test the informant's credibility, ascertain his general relationship to others charged herein, discover the entire scope of his meetings, conversations and contacts with the principals herein, and to investigate the informant's allegations.

7. The government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informant. Defendant specifically requests that the informant be produced. The government has the duty to produce the informant or to show cause that, despite reasonable efforts, it was not able to do so. <u>United States v. Hart</u>, 546 F.2d 798, 799 (9th Cir. 1976).

8. In the case at bar, the defendant has been charged with being part of a conspiracy based on a single transaction with a person identified in the indictment as CW1. The CI is not a mere *tipster*. With regard to Darnell Williams he is transactional, was a percipient witness and has background knowledge of the actors in the

alleged offense. He allegedly purchased narcotics from the defendant in a dark hallway located in the 1230 building and he is the sole witness to the transaction. While an audio recording was made of the transaction it is of poor quality and much of it is unintelligible. No photographs or videos were taken of the defendant. In fact, the only person who knows exactly what occurred, what was said, and who was present is CW1.

9. Defendant can not prepare for trial without knowing who this witness is and without having an opportunity to investigate and interview him. Moreover, defendant seeks the complete informant file maintained on the CI in order to properly prepare for trial.

WHEREFORE, the defendant requests that this Honorable Court enter an Order requiring the government to produce the confidential informant.

Respectfully submitted,

S/ Jerry D. Bischoff

Jerry Bischoff
Attorney at Law
35 E. Wacker Drive
Suite 650
Chicago, Illinois 60601
(312) 853-2167